IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JARVIS JOSEPHUS CANTY,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | :   Case No. 5:25-cv-528-CAR-CHW |
| | : |
| **SHERIFF DAVID DAVIS,** *et al.*, | : |
| | : |
| **Defendants.** | : |
| | : |

## RECOMMENDATION OF DISMISSAL

Pending before the Court is a Complaint filed by *pro se* Plaintiff Jarvis Josephus Canty, an inmate most recently incarcerated at the Bibb County Law Enforcement Center in Macon, Georgia (ECF No. 1). On January 14, 2026, recent correspondence mailed to Plaintiff at the Bibb County LEC was returned to the Court as undeliverable and marked, "Not in Jail Return to Sender." ECF No. 4 at 1. The Bibb County Sheriff's Office online inmate search page does not show Plaintiff as a current inmate. *See* https://inmate.bibbsheriff.us/search [https://perma.cc/V833-76D2A] (searched "Jarvis Canty") (last visited Jan. 26, 2026). A search of the Georgia Department of Corrections online offender query system likewise fails to show Plaintiff as a current inmate. *See* https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp [https://perma.cc/FNB3-BBGP] (searched "Canty, Jarvis") (last accessed Jan. 26, 2026). The Court thus has no knowledge of Plaintiff's current whereabouts.

Plaintiff's failure to keep the Court informed of his mailing address is a failure to prosecute this action warranting its dismissal. *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1] Moreover, this action simply cannot proceed if the Court does not have a current mailing address for Plaintiff. It is therefore **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED without prejudice** and that Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) be **DENIED as moot.** Although it may be an exercise in futility, the Clerk is **DIRECTED** to mail Plaintiff a copy of this Recommendation to his last known address at the Bibb County LEC.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable C. Ashley Royal, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**IT IS SO RECOMMENDED**, this 29th day of January, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
